UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WANDA J. MCCOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-140-F |

## REPORT AND RECOMMENDATION

Plaintiff Wanda J. McCoy brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 14, hereinafter "R.__"). The parties have briefed their positions, and the case is now ready for decision. For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and remanded.

PROCEDURAL HISTORY

Plaintiff filed her application for DIB on April 12, 2010. R. 144-45, 146-48, 176-78. Plaintiff alleged a disability onset date of November 1, 2008, and sought benefits on the basis of anxiety, panic disorder, high blood pressure, and anemia. R. 176, 180.

Following denial of her application initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 5, 2012. R. 93-97, 99-101, 102-03, 31-67. The ALJ issued an unfavorable decision on July 22, 2013. R. 14-24. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-3; *see* 20 C.F.R. § 404.981. This action for judicial review followed.

ADMINISTRATIVE DECISION

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date of November 1, 2008, and her date last insured of March 31, 2013. R. 16; *see* 20 C.F.R. §§ 404.131, .1571. At step two, the ALJ determined that Plaintiff had the severe impairments of anxiety and depression. R. 16-20; *see* 20 C.F.R. § 404.1520(c). At step three, the ALJ determined that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 20-21; *see* 20 C.F.R. § 404.1520(d).

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based upon all of her impairments. R. 21-23. The ALJ found that Plaintiff had the RFC "to perform a full range of work at all exertional levels" but subject to the nonexertional limitation of "minimal and superficial interaction with the public." R. 21; *see* 20 C.F.R. § 404.1567 (defining exertional levels). Based on this RFC and the testimony of a

vocational expert ("VE"), the ALJ found that Plaintiff "was capable of performing past relevant work as a meat packing production helper, DOT 521685218." R. 23. Therefore, and without making an alternative step-five finding, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. R. 24.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ISSUES ON APPEAL

Plaintiff asserts that the ALJ erred at step four of the sequential analysis. Pl.'s Br., Doc. No. 14, at 6-15. Specifically, Plaintiff argues that at phase two of the step-four analysis the ALJ erred by (i) failing to inquire of Plaintiff or make findings regarding how she actually performed the work of "general helper" in a factory; (ii) relying on a *Dictionary of Occupational Titles* ("*DOT*") job listing that did not match Plaintiff's past relevant work and, in that regard, failing to reconcile a conflict between the VE's testimony and the *DOT* listing regarding the requirements of Plaintiff's past relevant work; and (iii) delegating the ALJ's fact finding responsibility to the VE. *Id*.

ANALYSIS

A. *Step Four's Three Phases*

At step four of the sequential evaluation process, an ALJ compares his or her assessment of the claimant's RFC "with the physical and mental demands of [the claimant's] past relevant work."[1] *See* 20 C.F.R. § 404.1520(f). This comparison requires the ALJ to make specific factual findings as to: (1) the claimant's RFC; (2) the physical and mental demands of the claimant's past relevant work, to the extent that those demands "have a bearing on the medically established limitations" in the RFC; and (3) whether the claimant's RFC permits him or her to return to past relevant work. *See* SSR 82-62, 1982 WL 31386, at *3-4 (1982); *see also Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th

---

[1] "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1).

4

Cir. 1993). If the three-phase analysis reveals that a claimant retains the RFC to perform either (1) "[t]he actual functional demands and job duties of a particular past relevant job"; or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy," then the claimant will be found to be "'not disabled.'" SSR 82-61, 1982 WL 31387, at *2 (1982); *see also Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1050-52 (10th Cir. 1993).

At phases one and two, the ALJ must sufficiently develop the record to allow a proper comparison to be made at phase three. *See Hayden v. Barnhart*, 374 F.3d 986, 991 (10th Cir. 2004) (discussing *Henrie*, 13 F.3d at 360-61).[2] For instance, to develop the record for the phase two finding, the ALJ may rely upon the claimant's own reporting as to the pertinent demands of past relevant work. 20 C.F.R. §§ 404.1560(b)(2), .1565(b); SSR 82-62, 1982 WL 31386, at *3. The ALJ may also rely upon other sources, including the *DOT* and testimony of a VE. 20 C.F.R. § 404.1560(b)(2); *Hayden*, 374 F.3d at 991; *Doyal*, 331 F.3d at 761; *Winfrey*, 92 F.3d at 1025. Although the ALJ has an obligation to develop the record sufficiently, the claimant bears the burden of establishing his or her inability to perform past relevant work. *Hayden*, 374 F.3d at 991; *Andrade*, 985 F.2d at 1051.

In phase one, the ALJ found that Plaintiff's RFC enabled Plaintiff "to perform a full range of work at all exertional levels" but subject to the nonexertional limitation of "minimal and superficial interaction with the public." R. 21. Plaintiff does not dispute

---

[2] Although *Hayden* is a termination-of-benefits case, the Tenth Circuit therein summarizes denial-of-benefits decisional law. *See Hayden*, 374 F.3d at 991.

5

the accuracy of this RFC assessment. *See* Pl.'s Br. at 7. In phase two, the ALJ found that Plaintiff had past relevant work as "a meat packing production helper, DOT 521685218." R. 23.

A claimant is "not disabled" if he or she retains the RFC to perform "[t]he actual functional demands and job duties of a particular past relevant job" *or* "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 WL 31387, at *2; *see also Andrade*, 985 F.2d at 1050. Here, the ALJ's phase-two findings were inadequate to establish the demands of Plaintiff's past relevant work, either as it was actually performed or as it is generally performed.

   B. *Whether the ALJ Erred in Finding That Plaintiff Could Perform Her Past Relevant Work as It Is Generally Performed*

An ALJ is permitted to rely upon the *DOT* when determining the demands of past relevant work as it is generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2); SSR 82-61, 1982 WL 31387, at *2; *see also Hayden*, 374 F.3d at 991; *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990). Here, the ALJ attempted to incorporate by reference an occupational entry in the *DOT*, which as a general matter is adequate to state the demands of an occupation as it is generally performed. *See Campbell v. Astrue*, 525 F. Supp. 2d 1256, 1264 (D. Kan. 2007). However, there is a clear discrepancy between the substance of the *DOT* entry cited by the ALJ and the job performed by Plaintiff. *Compare* DICOT 521.685-218 (Meat-Grading-Machine-Operator), 1991 WL 674152 (describing occupation as "[t]end[ing]

6

grading machine that sorts almond meats, according to size"), *with* R. 218 (Plaintiff describing past job as "General Helper," who "assist[ed] line workers in the production of gourmet meat to be packed and shipped to nation-wide distributors"). While these positions may share certain similarities, they are not a sufficient match to allow the ALJ to rely on the *DOT* entry as the sole description of the occupational requirements for Plaintiff's past relevant work. Nor does the VE's testimony add any information upon which the ALJ could have relied as substantial evidence in support of his phase-two finding. *See* R. 62 (VE citing *DOT* 521.685-218 and stating the occupation required medium exertion according to the *DOT* and light exertion according to Plaintiff's description). The ALJ's decision does not adequately explain his phase-two finding regarding "[t]he functional demands and job duties of [Plaintiff's past] occupation as generally required by employers throughout the national economy." *See* SSR 82-61, 1982 WL 31387, at *2; *see also Winfrey*, 92 F.3d at 1023.

*C. Whether the ALJ Erred in Finding That Plaintiff Could Perform Her Past Relevant Work as It Is Actually Performed, and Whether Any Such Error Was Prejudicial*

The record contains a description by Plaintiff of the physical demands of Plaintiff's past relevant work as it was actually performed. *See* R. 218. As noted above, the VE testified to a very limited extent on this subject. R. 62. The ALJ did not expressly cite this evidence but did state that he carefully considered the entire record. R. 14.

Importantly, however, the mental requirements of Plaintiff's past occupation were not reflected on the form submitted by Plaintiff, and neither were they discussed by the

7

VE or the ALJ. *See* R. 218; R. 31-67; R. 23-24. Because the RFC includes a significant mental limitation, any finding that Plaintiff could return to her occupation as a "General Helper" at a meat factory required specific findings on the associated mental requirements. *See Winfrey*, 92 F.3d at 1024-25. The ALJ's failure to make or articulate such findings was error. Further, because the record evidence does not speak to that issue, the undersigned cannot conclude in the first instance that Plaintiff would be able to perform the requirements of that occupation. *Cf. Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating an error may be determined to be harmless if "based on material the ALJ did at least consider (just not properly), [the undersigned can] confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.").

   D. *Whether the Step-Four Error Was Harmless in Light of an Alternative Step-Five Determination*

The Commissioner argues that, notwithstanding any error at step four, the ALJ's decision may be affirmed on the basis of testimony by the VE as to other occupations existing in significant numbers in the national economy that Plaintiff could perform. Def.'s Br. at 8-9. The problem with this argument is that the ALJ made no alternative step-five conclusion but completed his analysis at step four. R. 23-24. The Court may not supply a step-five finding in the absence of one by the ALJ.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the decision of the Commissioner be REVERSED AND REMANDED. In making this recommendation, the

undersigned takes no position on the merits of Plaintiff's disability claim, and "[no] particular result" upon remand is recommended. *See Thompson v. Sullivan*, 987 F.2d 1482, 1492-93 (10th Cir. 1993). This recommendation is made only to ensure that the correct legal standards are followed in reaching a decision based on the facts of the case. *See Angel v. Barnhart*, 329 F.3d 1208, 1214 (10th Cir. 2003).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by March 30, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 16th day of March, 2015.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE